Good morning your honors, I'm Tom Nino here for the appellant Diamond State I'm here to challenge what I believe are two legal issues that the district court made in dismissing this case with prejudice when my client as the plaintiff in the case moved to dismiss the case without prejudice You know, it's a nice, interesting, theoretical, legal question Is there some practical reason that you really care? Yes, there is. The context of this case as the judges, I'm sure the justices know is it's a declaratory relief action concerning insurance coverage for an underlying sexual abuse case against the school district and its individual teachers and counselors Many of those teachers and counselors could not be found but were sued in the underlying case and therefore were named in our case but they did not actually enter into the settlement that resolved both lawsuits So there is a theoretical possibility that they could come back Help me, they were sued but couldn't be found? Does that mean they weren't served? That's correct, they were not served In other words, they're not going to be bound by whatever judgment we have That's correct So they're out of the case realistically That's correct Okay So there is the theoretical possibility and we're hoping obviously that nothing further will happen in this case but there is the theoretical possibility that those unserved defendants in the underlying case and in our case could come back and sue my client for some sort of monetary injury suffered in connection with the underlying lawsuit The judgment of dismissal with prejudice in this case acts as res judicata, finding on the merits against my client on its coverage position that its policy did not cover either the school district or the individual defendants in the underlying case Conversely, because the judgment is on the merits against my client it's not a judgment on the merits against Genesis another insurance company for the school district who was a defendant in this coverage case and therefore actually the nature of the judgment at this time given its res judicata effect of my client if there were to be any litigation, which everyone hopes there won't be would actually be an advantage to Genesis were there to be some sort of further argument about apportionment Review the betting form if you can I understand roughly what this case is about but what precisely is it in your view that was adjudicated by the dismissal on the merits What was your client claiming and has now been decided adversely to your client Well, it would be the contentions of coverage under the policy itself which I actually did not review prior to coming here today because I was focusing on the procedural matters but generally in these cases I believe there is an exclusion in the policy for sexual abuse allegations against a school district There is generally a sub-limit of coverage which is lower than the general limit and that limit only applies to defense payments but not indemnity payments on behalf of the insured There may also have been, I believe likely some sort of an intentional acts exclusion And are you worried about issue preclusion Yes Well, issue preclusion requires actual litigation and decision on the merits not merely decision on the merits So you needn't be worried about issue preclusion Well, I think whether it's issue preclusion or the broader form of res judicata my understanding of the authorities cited in our brief and another I found last night is that because it's a judgment on the merits it goes against our client on that Well, yeah, I understand that but I'm trying to figure out what worries your client and what the preclusive effect on your client will be If these other people show up, whoever they are and bring suit I gather you want to have the issue of coverage decided in your favor and you're worried that this settlement will be held against you in terms of issue preclusion Correct Issue preclusion requires actual litigation and decision Settlement does not give you issue preclusion There was a summary judgment motion filed on my client's behalf Well, yeah, but then you settled Correct So It was settled before that motion was decided Yeah, so I see no possibility of issue preclusion against your client coming out of a settlement  notwithstanding that that it would preclude my client as a bar to seeking contribution from Genesis, for example in the future again, under the possibility that either of us were to be sued by these individual defendants in the underlying case Is the ultimate of your argument that the court may never grant a motion at the 41 rule 41 level with prejudice if in fact the plaintiff has moved without prejudice is that the ultimate of your argument Yes, that is the ultimate of my argument and and if that be the ultimate of your argument then what part of the rule would you point me to that would suggest that that is the proper interpretation because I see a catch-all at the end of the rule but I see nothing in the rule that would suggest that When the court Excuse me, when the rule says on terms that the court considers proper which is I assume the clause you're referring to Well, I don't find anything in the language of the rule which would suggest that the court cannot act except without prejudice I don't see any reason really in the rule to have the catch-all if that's always the case Well, the catch-all is there for things such as costs that might be awarded against the moving party in favor of the defendant that the logic I believe behind my client's position on this is that when a plaintiff moves to dismiss without prejudice and the case is turned around and dismissed I'm sorry, I may have misspoken, but without prejudice and the case is dismissed with prejudice essentially an entirely different motion there is being granted an entirely different order is being granted The court's not acting just on a motion to dismiss without prejudice it's actually granting a motion to dismiss with prejudice and that seems to be the logic of this court's comments in the Hargis case where it commented that in that case because the plaintiff had moved to dismiss without specifying a preference his motion did not preclude entry of an order But that's easily covered by Rule 41 If he doesn't say anything there is absolutely something the court does unless the order states otherwise the dismissal under the paragraph is without prejudice So if the court never says anything about it it's always without prejudice and if in fact your client only moves without any idea of what it is you're suggesting that's always without prejudice as well The comments that I was referring to in the Hargis case actually this court said there that because the plaintiff did not specify what he wanted that motion did not preclude the court from entering an order dismissing with prejudice To my mind the only logical corollary to that is that if he had requested only dismissal without prejudice then that would have precluded the trial court And then on this last sentence that I believe Your Honor was referring to In Hargis I believe also the court said that that language is only an interpretive guide as to a silent order It does not grant discretion It does not address the district court's discretion in the first instance You're out of time but let me just make one point clear Judge Smith asked you whether your ultimate position was they have no authority to convert a without prejudice to a with prejudice motion As I understand that is your ultimate view The most As I understand your position and tell me whether this is correct Your alternative position or alternate position is that if there is authority that doing it in this case is an abuse of discretion And we haven't really gotten to the That's correct question of what constitutes an abuse of discretion and why assuming there is authority Can you tell us in one minute why I think so Okay I think this is the Westlands case which says that there has to be some sort of legal prejudice that would result to prevent granting a motion to dismiss without prejudice There is no There was no basis for any sort of legal prejudice of the type that this court has recognized to be sufficient to deny a motion to dismiss without prejudice All that Genesis said was It leaves things uncertain But that court clearly stated in Westlands that that sort of legal uncertainty is not sufficient for the court to deny a motion to dismiss without prejudice We'll give you one more minute and rebuttal Okay Thank you Your Honor Good morning Wade Hanser on behalf of Genesis Thank you for your time this morning The question that the court asked first shot out of the bag Why are we here? What difference does it make? Is what I've been trying to find out for two years now If it doesn't make any difference to you either Then I'm really puzzled It actually does All right, so it makes a difference to both sides it turns out Well Or at least that's what you think Why do you think it makes a difference? I think it makes a difference because we made a deal Did you say without prejudice in the deal? No With prejudice in the deal You made a deal to dismiss the case We made a deal to settle the underlying sexual molestation case Also to dismiss the case Wasn't that part of your deal? Yes The deal that we made was to dismiss the entire case with prejudice Does it say? The judge Hold on In your settlement agreement Does it say with prejudice, without prejudice or what? It says neither It just says dismiss the case That was the issue that Judge Hicks Upon briefing Upon the facts, upon the argument Upon reviewing the settlement agreements Because there were more than one Concluded that the intent of the parties Was that it was a dismissal with prejudice You mean he decided the merits of the argument What the settlement agreement meant At the time of a motion to dismiss? By both of his orders By the initial order Partially granting the motion to dismiss And granting the motion to dismiss with prejudice That I filed as a counter motion And in connection with his denial Of the so-called motion for a new trial Which was actually a motion for reconsideration He concluded that the clear intent of the parties Was that these settlements Plural Were to resolve all issues between all parties That put this at rest That's something that bothered me about this And maybe you can answer that Do you think that at the time of a motion to dismiss If there's a dispute about the meaning of the settlement agreement And what the intent of the parties is That that can be resolved at the time of a motion to dismiss? Certainly It was before the court It was raised as to the plaintiff's contention Diamond State's contention That it was to be dismissed without prejudice Our position was that the deal was It was dismissed with prejudice The reasons that The agreement doesn't say either It doesn't say dismiss with prejudice or without prejudice The agreement does not indicate with or without It just says we'll dismiss Well let me go back to my question It's What you're describing to me is a dispute As to the meaning of a contract Where it can be Resolved by oral evidence or Whatever kind of evidence as to What the parties intended When they entered into an agreement Is there any authority that you're aware of either way In a normal contract case of course This wouldn't be resolved at the stage of a motion to dismiss It's a factual dispute between the parties Do you know of any case which says When you're determining this type of issue The court can resolve the factual issues As to the meaning of the contract Not off the top of my head your honor I suspect that If the court would like me to brief that I'm more than happy to file a supplemental brief On that issue I think that clearly The parties presented the issue to Judge Hicks Presented the evidence No one objected No one challenged his jurisdiction When you say presented the evidence What do you mean The settlement agreements But nothing beyond the agreements themselves So no testimony from anybody As to this is what was said Other than the declarations of counsel And what are the declarations of counsel Declarations of counsel are basically My declaration that advised that I had repeatedly asked counsel for diamond states Why is it that you are now Trying to dismiss this without What about the meaning of the contract Well the meaning of the contract Was in exchange of emails And those are part of my declaration Which are in the excerpts of record Which indicates that it was An entire settlement of the entire matter And so that was submitted to Judge Hicks As part of the evidence before him It seems to me that Westland's Water District versus the United States Really talks about When ruling on a motion to dismiss The district court must determine Whether the defendant will suffer Some plain legal prejudice As a result of the dismissal Rather than looking at the agreements themselves Wasn't the district court really looking at Whether there was some plain legal prejudice That could result here Wasn't that his standard That he had to look at Not try to determine what the contract said Yes and he did your honor He specifically found that there was Plain legal prejudice to Genesis And if you will just step back And think about it This is an executed settlement agreement The underlying molestation case The money contributed partially by Genesis Partially by Diamond States Partially by the school district Was distributed to the underlying plaintiffs Who dismissed their action with prejudice Which goes as to why the revisionist history As to the what ifs The counsel has tried to give the court Doesn't hold water That case is done The so called unfound defendants That might be why you ought to suggest Because it has to do with plain legal prejudice Rather than dealing with all What would be in the contract itself That my good colleague I always call him professor Fletcher His idea about what needs to be done In these particular situations When in fact it doesn't make any difference Has a lot of meaning Whether there's any plain legal prejudice Correct The prejudice is simply that This agreement cannot be returned to the status quo The status quo was irrevocably lost When the settlement was entered and funded The funds distributed to the underlying plaintiffs The young woman and her family The woman who was molested and her family That money was distributed to them It was paid, it was gone We can't unwind this So that is the plain legal prejudice The status quo cannot be maintained This isn't the situation where a plaintiff After filing the complaint And doing a little discovery Decides oh I forgot to add somebody And seeks to dismiss it without prejudice In order to maintain the status quo No one has changed their position at that point My client has irrevocably changed its position The other point I want to make is that The reasons that Diamond States has advanced That is that somehow they have this exposure By these unnamed individuals Is hogwash Those individuals to the extent that they were named In the underlying lawsuit brought by the young woman who was molested That has been dismissed with prejudice They cannot be sued Whether they're found or not That case is dismissed Were they ever served? I don't believe they were ever served in the underlying case But they were dismissed There is no claim This may be a side point But if they were not served There can't be a bar on a future suit against them If they were never served and therefore never part of this lawsuit The settlement agreement In the underlying case Not in the coverage case which we're talking about The underlying case That resolved all issues brought in that initial lawsuit So plaintiff released those claims Even as to the unserved defendants I'm not talking about ratio to cut I'm talking about the fact that the claim was released By the parents and by the girl So again I've been trying for two years to get an explanation From Diamond State as to what it is that you are trying to do My client settled this case Because it was a settlement once and for all It resolved the coverage litigation That it was in the middle of That it had spent significant money defending Only to have Diamond State say Well, yeah, it's all resolved But, you know, maybe not Well, the but maybe not was not what was bargained for What was bargained for was a complete resolution Judge Hicks did not abuse his discretion In concluding that there was prejudice to Genesis And that this dismissal with prejudice Was the clear intent of the party And I think that you have to empower A district court judge who has a case In front of him or her To make the decision as to whether or not This litigation is finally resolved once and for all Well, that can be done in a different way I mean, if the plaintiff hadn't made the motion To dismiss without prejudice And you thought the case should be disposed of You actually had a motion to dispose of it once and for all It was your motion for summary judgment, right? Well, actually it would have been a motion To compel enforcement of the settlement Which is really, if you think about What the parties argued to Judge Hicks In the motion to dismiss without prejudice And my counter motion to dismiss with prejudice Was just that It was a motion to enforce the settlement Your ability to dispose of this once and for all  Converting a motion to dismiss without prejudice Into a motion to dismiss with prejudice If that were the only way to do it, you'd be right When you said you have to have a way to dispose of this You did have a way It might have been a lot easier If the plaintiff had never made his motion We actually disposed of this The way the courts tell us to dispose of it We attended a mediation in good faith We conducted ourselves in good faith We entered into an agreement We lived by that agreement We executed the agreement We paid the money And we tried to file the dismissal So we have done what we're supposed to do The trial courts have to have the authority When presented with these sorts of situations As to what a settlement does or does not entail When the evidence are presented to it And it makes a decision As long as it has not abused its discretion And the court here clearly did There's been no argument that they Well, I think there is an argument And it's brief You know, the more you talk I'm totally sympathetic to your view What you're entitled to My only concern is whether it's through this procedural route And maybe it is I'm not saying it isn't But it's not just for this case When you talk about the authority of a district judge To decide to convert a motion without prejudice Into a motion with prejudice When you talk about that as an abstract legal issue It's more than the question of whether in this case You should have a right to a final determination Clearly you do have a right to a final determination And saying that you did what a court told you to I would have thought was a good answer Until last year When a lawyer followed what a judge told him When he said you've got 15 days to appeal He followed the district judge The Supreme Court said too bad He shouldn't have followed the judge Your client's lost all his rights So we have a different duty under the law Than to just answer the question Of whether you did what a judge told you to do Unfortunately And I didn't mean to say I did what the judge told me to do I did what the law told me to do We did what we were supposed to do Rule 41 allows a district judge To decide whether it's with or without prejudice And that is really what the legal issue is for the court Thank you for the answer, I appreciate it All right, we'll give you one minute Okay, thank you, your honor I'm sorry, I still don't understand why you're here Okay Counsel made several comments We made a deal, there was a complete resolution Certainly the court can decide what the settlement agreement says I think the court asked is there any authority on that point We did cite it in our opening brief on page 7 That's the Smith-Kline v. Pentech case Which states that I think as Justice Reinhart was indicating A Rule 41A2 motion is not the proper vehicle To enforce the settlement agreement And in fact the merits of the agreement as the court says In that case are not even before the court In a Rule 41A2 motion And also evidentiary-wise Counsel seems to present the record as There was an almost undisputed Version of events as to what happened at the mediation As to what was quote-unquote intended by this settlement Of course the settlement agreement doesn't say that And he also fails to notice or mention that The school district itself did not oppose dismissal without prejudice His comments about the only I can't remember exactly what he said about it but The comments about undoing and we can't go back and undo And his client would somehow face some sort of problem If we tried to go back and undo And it wouldn't have entered into this agreement I guess is the implication in the first place Had the dismissal not been with prejudice All of that as far as I can tell is speculation I see nothing in the record on that point Thank you counsel Thank you Case just argued and submitted
judges: Reinhardt, Fletcher W. , Smith N. R.